BENJAMIN B. WAGNER
United States Attorney
WILLIAM S. WONG
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone: (916) 554-2700

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:11-CR-180 FCD |
| Plaintiff, | SUMMARY ORDER |
| v. | |
| KENNETH LEE GAZELL, | |
| Defendant. | |

This matter came before this Court on August 1, 2011 for a status hearing.  Defendant Kenneth Lee Gazell appeared with his counsel, Michael Petrick, Assistant Federal Defender.  Plaintiff United States of America was represented by Assistant U.S. Attorney William S. Wong.  At the hearing, the defendant's attorney moved to continue the status hearing date to October 17, 2011, at 10:00 a.m. Attorney Petrik advised the Court that the defense needed additional time to have the probation officer prepare a presentence probation report which could assist the defense in planning defense strategy and to consider dispositional alternatives to a jury trial.  The parties agreed that time should be excluded from August 1, 2011, through and

1

1  including, October 17, 2011, to allow for the defendant's counsel to
2  properly investigate and prepare (18 U.S.C. § 3161(h)(7)(B)(iv) -
3  Local Code T4) and to allow sufficient time for the probation officer
4  to prepare a pre-plea presentence report as requested by the
5  defendant, and to provide sufficient time for the defendant and his
6  counsel to confer on the pre-plea presentence report to aid the
7  defendant in making decisions relating to the disposition of the case.
8  The parties agree that the ends of justice served by the granting of
9  such a continuance outweigh the best interest of the public and the
10 defendant in a speedy trial.
11     Accordingly, the Court granted the defendant's motion and set the
12 matter for further status hearing on October 17, 2011, at 10:00 a.m.
13 and excluded time from August 1, 2011, through and including, October
14 17, 2011, pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv) and Local Code T4.
15 Furthermore, the Court specifically found that the failure to grant a
16 continuance in this case and exclude time under the Speedy Trial Act
17 would deny defense counsel reasonable time necessary for effective
18 preparation, taking into account the exercise of due diligence.
19 Lastly, the Court found that the ends of justice to be served by
20 granting the requested continuance outweigh the best interests of the
21 public and the defendant in a speedy trial.

**ORDER**

    IT IS HEREBY ORDERED.

Dated: August 2, 2011

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

2