UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:11-CR-00180-MCE |
| Plaintiff, | |
| v. | **ORDER** |
| KENNETH LEE GAZELL, | |
| Defendant. | |

Defendant Kenneth Lee Gazell ("Defendant") was convicted of Possession with Intent to Distribute Cocaine Base in violation of 21 U.S.C. § 841(a)(1) and Using or Carrying a Firearm in Relation to a Drug Trafficking Offense in violation of 18 U.S.C. § 924(c)(1).  He was sentenced on September 26, 2013, to consecutive prison sentences of 46 months on the possession charge and 60 months on the firearm charge, for a total of 106 months of imprisonment.  Presently before the Court is Defendant's Motion to Reduce Sentence, by which he seeks a reduction on the possession charge only.  ECF No. 69.[1]  The Government opposes Defendant's motion, arguing that Defendant is ineligible for relief because his sentence was based on his Rule 11(c)(1)(C) plea agreement as opposed to the sentencing guidelines and because, even if he is eligible, the Court should exercise its discretion to decline to reduce the sentence in this

---

[1] Unlike most Defendant's seeking sentence reductions, Defendant is represented by counsel.

1

case. ECF No. 72. For the following reasons, Defendant's Motion is GRANTED.

Defendant seeks to reduce his sentence in light of the United States Sentencing Commission's passage of Amendment 782. Generally, Amendment 782 revised downward by two levels the Drug Quantity Table in U.S.S.G. § 2D1.1. Although Amendment 782 became effective November 1, 2014, it applies retroactively. See U.S.S.G. § 1B1.10(d), (e)(1).

"When the Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision." Dillon v. United States, 560 U.S. 817, 821 (2010). "Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission." Id. "The relevant policy statement, USSG § 1B1.10, instructs courts proceeding under § 3582(c)(2) to substitute the amended Guidelines range while 'leav[ing] all other guideline application decisions unaffected.'" Id. (quoting U.S.S.G. § 1B1.10(b)(1)). Under § 3582(c)(2), a court may then grant a reduction within the amended Guidelines range if it determines that one is warranted "'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" Id. at 822. "Except in limited circumstances, however, § 1B1.10(b)(2)(A) forecloses a court acting under § 3582(c)(2) from reducing a sentence 'to a term that is less than the minimum of the amended guideline range.'"[2] Id. In addition, "a reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

Until recently, defendants who had pled guilty pursuant to Rule 11(c)(1)(C) were largely ineligible for sentence reductions. This was because "[w]hen the Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district

---

[2] Those limited circumstances, which are not applicable here, arise when "the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S.S.G. § 1B1.10(b)(2)(B).

court to reduce an otherwise final sentence that is based on the amended provision." Dillon v. United States, 560 U.S. 817, 821 (2010) (emphasis added). Rule 11(c)(1)(C) sentences, however, were thought to be based on the plea agreement itself, not the guidelines. See United States v. Austin, 676 F.3d 924, 930 (9th Cir. 2012). Indeed, in Austin, this Court held that "'the mere fact that the parties . . . may have considered the Guidelines in the course of their negotiations does not empower the court under § 3582(c)(2) to reduce the term of imprisonment they ultimately agreed upon.'" Id. at 928 (quoting Freeman v. United States, 564 U.S. 522, 534-37 (2011) (Sotomayor, J., concurring)). The Austin panel identified narrow exceptions to this general rule, namely when the agreement "call[ed] for the defendant to be sentenced within a particular Guidelines sentencing range" or "ma[de] clear that the basis for the specified term [was] a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty." See id. at 928 (quoting Freeman, 564 U.S. at 538-39 (Sotomayor, J., concurring)).

An en banc panel of the Ninth Circuit turned that analysis on its head, however, when it overruled Austin in United State v. Davis, 825 F.3d 1014 (9th Cir. 2016), and held that "'[e]ven when a defendant enters into an 11(c)(1)(C)agreement, the judge's decision to accept the plea and impose the recommended sentence is likely to be based on the Guidelines; and when it is, the defendant should be eligible to seek § 3582(c)(2) relief.'" Id. at 1026 (quoting Freeman, 564 U.S. at 534). The Davis court explained that the pertinent inquiry is whether the sentencing judge's decision was based on the guidelines as opposed to solely whether the parties manifested such an intent in the agreement itself. The panel reasoned that: (1) "[f]ederal sentencing law requires the district judge to impose sentences that comply with the purposes of federal sentencing, in light of the Guidelines and other § 3553(a) factors"; (2) "[a]lthough the Rule permits the defendant and the prosecutor to agree on a specific sentence, it preserves the district court's independent obligation to exercise its discretion and review the proposed sentence"; and (3) the Guidelines policy statements that apply to Rule 11(c)(1)(C) plea

agreements and § 3582(c)(2) motions support [its] approach." Id. at 1026-27 (internal citations and quotation marks omitted).

The sentence imposed in this case was based on the subsequently-amended guidelines. First, the plea agreement itself acknowledges that this Court is obligated to consult the Federal Sentencing Guidelines prior to imposing a term of imprisonment. ECF No. 55 at 10. The Government was also obligated by way of that agreement to recommend a reduction in Defendant's offense level for acceptance of responsibility. Id. at 7. Second, the Court adopted the calculations in the Presentence Report ("PSR") without change, thus finding that Defendant's total offense level was 21 and his criminal history category III resulting in a guideline range of 46-57 months on the possession charge. The Court then imposed the agreed-upon 46 month sentence, which fell at the low-end of that range. Given all of this, Defendant's sentence was based on more than just an agreement with the Government; it was also based on the guidelines, which have since been amended.[3]

The Government disagrees, arguing that:

> This defendant's case does not fit squarely within the vague guidance provided by Davis, but the United States believes a fair reading of Davis is ambiguous about whether this defendant is precluded from receiving a sentence reduction. The carefully-negotiated plea agreement provided benefits to both parties and finality should result when the Court accepts a Rule 11(c)(1)(C) agreement.

ECF No. 72 at 5. The Court understands the Government's position, but it is antithetical to the rationale employed in Davis. The Ninth Circuit has explicitly rejected a rule of uniform finality for 11(c)(1)(C) agreements when the sentences themselves are based on the guidelines. Because that is the case here, Defendant is eligible for a reduction.

Eligibility does not end the inquiry, however, and the Government contends the Court should exercise its discretion to decline to modify Defendant's sentence. Id. According to the Government, "[t]he defendant's sentence reflects the dangerousness of being an armed drug dealer in Sacramento, who barricaded himself inside a residence

---

[3] The amended guideline range is 37-46 months.

while SWAT attempted to serve a warrant." Id. "When police searched the defendant's residence they discovered not only that the defendant was an armed marijuana and cocaine dealer, but he also had 'multiple pictures' depicting him with other Del Paso Heights Bloods gang members." Id. at 5-6.  Finally, "he wore clothing and made hand gestures in the pictures consistent with his membership in that gang." Id. at 6.

      Again, the Court understands the Government's position, but nonetheless finds that a reduction is warranted.  The parties were aware of all of the above factors when they agreed to what was essentially a low-end sentence in the 11(c)(1)(C) agreement.  Nothing in the record suggests that, had the amended guidelines been in place at the time, the parties would not still have fashioned the stipulated sentence based on the low-end of the modified range.  Moreover, the PSR recommended a low-end sentence, no party argued to the Court that anything other than a low-end sentence was appropriate, and the Court expressly found that a sentence at the low end was sufficient but not greater than necessary.  It does not logically follow that, although everyone agreed at the time of sentencing that a low-end sentence was appropriate, a sentence well above the low-end would be more appropriate now.  Accordingly, Defendant's Motion (ECF No. 69) is thus GRANTED.  His sentence on Count 2 shall be reduced to 37 months and shall run consecutively to the sentence imposed on Count 3.  See United States v. Leniear, 574 F.3d 668, 674 (9th Cir. 2009).

      IT IS SO ORDERED.

Dated:  January 4, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE